| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| KIMBLY ARNOLD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LOANCARE, LLC a.k.a. LAKEVIEW LOAN SERVICE, LLC, *et al.*,<br><br>Defendants. | No. 1:20-cv-00189-NONE-EPG<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT</u><br><br>(Doc. Nos. 3, 9-10) |

Plaintiffs Kimbly Arnold and Byron Arnold, proceeding *pro se* on, commenced this action on December 31, 2019, by filing their complaint in the Stanislaus County Superior Court. (Doc. No. 1, Ex. B (Complaint).) After defendant Loancare, LLC a.k.a. Lakeview Loan Service, LLC removed this action to this federal court,[1] defendant then brought the instant motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on February 12, 2020. (Doc. No. 3 at 1.) The motion was noticed for hearing on March 16, 2020, making any opposition due March 2, 2019. *See* E.D. Cal. Local Rule 230(c); *see also* Doc. No. 2-2 at 3 (Standing order Re Judicial Emergency explaining that all civil motions will be decided on the papers but that opposition and reply dates are set according to the hearing date chosen by the moving party). That date has come and gone with plaintiffs filing no opposition to the pending motion to dismiss. However, on

---

[1] The removal was based on federal question jurisdiction under 28 U.S.C. § 1441 and diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 (Notice of Removal) at ¶¶ 9-17.)

1

March 23, 2020, plaintiffs filed a request for clerk's entry of default against defendant as well as a motion for entry of default judgment and a statement in support thereof. (Doc. Nos. 9-11.) To date, no opposition to that request and motion has been filed by defendant. Below, the court will first address defendant's motion to dismiss and then turn to plaintiffs' filings.

**LEGAL STANDARD**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). That is, "[a]ll factual allegations in the complaint are accepted as true, and the pleadings construed in the light most favorable to the nonmoving party." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1018 (9th Cir. 2014) (internal quotation marks and citation omitted). A legally sufficient claim must be "plausible on its face" in order to survive a Rule 12(b)(6) challenge, meaning there are sufficient facts alleged to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a cognizable claim "does not need detailed factual allegations," "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In reviewing the sufficiency of a complaint, [courts are limited] to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (citations omitted).

**ANALYSIS**

Plaintiffs' *pro se* complaint asserts four claims for (1) declaratory relief, (2) violation of usury law, (3) fraud, and (4) breach of contract. (Doc. No. 1, Ex. B at 2.) In moving to dismiss, defendant contends that the complaint is not reasonably comprehensible, so it is "not possible for Defendant to understand what [its] alleged obligations might be or might have been in those regards or the extent to which Plaintiffs are claiming that Defendant may have failed to perform" based on the agreements at issue. (Doc. No. 3 at 2) (alteration in original.) Base on this contention defendant argue that plaintiffs have failed to state a claim upon which relief can be granted. (*Id.* at 1.)

2

For purposes of this motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable" to plaintiffs. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). It appears from their complaint that plaintiffs are mortgagors seeking relief based on their "real estate sales contract" or the "Bankruptcy Modification Plan," but it is unclear which is relevant as to each of the injuries alleged by plaintiffs. (Doc. No. 1, Ex. B at ¶¶ 4-7.) Defendant, who is "the assignee of right to receive principal and interest" on the real estate sales contract and a party to the Bankruptcy Modification Plan, is alleged by plaintiffs to be withholding certain escrow payments, failing to credit certain payments made by plaintiffs, imposing unreasonable fees and charges, and furnishing adverse information about plaintiffs to consumer-reporting agencies. (*Id.*, Ex. B at ¶¶ 11-12; *id.*, Ex. B, Ex. A at 15.)

**A.     Defendant's Motion to Dismiss**

In moving to dismiss plaintiffs' complaint, defendant contends that plaintiffs' first claim for declaratory relief under California law is not sufficiently alleged. (Doc. No. 3 at 4.) "Declaratory relief pursuant to [California Code of Civil Procedure § 1060] has frequently been used as a means of settling controversies between parties to a contract regarding the nature of their contractual rights and obligations." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 647–48 (2009) (alteration in original). In their first claim plaintiffs appear to seek a declaration that their "contract or agreement" with defendant violated 12 U.S.C. §§ 1785, 1831. (Doc. No. 1, Ex. B at ¶¶ 17, 25). But as defendant correctly points out (Doc. No. 3 at 4), § 1785 applies to "insured credit union" and § 1831 applies to "insurance of the deposits," 12 U.S.C. §§ 1785, 1831, which are not applicable here since plaintiffs have failed to allege that defendant is an insured credit union or that insurance of a deposit is at stake. The court also notes that plaintiffs have also failed to specify in their complaint which provisions of the real estate sales contract and/or the Bankruptcy Modification Plan require declaratory adjudication. Therefore, the court concludes that plaintiffs have failed to sufficiently allege their first claim.

Plaintiffs' second claim is based on an alleged violation of the usury provisions set forth in the California Constitution, article XV, section 1. (Doc. No. 1, Ex. B at ¶¶ 8, 13.) Indeed,

/////

3

> California Constitution, article XV, section 1 limits the interest rate for a 'loan or forbearance' of money not primarily for personal, family or household purposes, to the higher of: (1) 10 percent per annum or (2) 5 percent plus the rate of interest prevailing on the 25th day of the month preceding the earlier of the date of the extension of the contract to make the loan or forbearance or the date of making the loan or forbearance . . ..

*Hardwick v. Wilcox*, 11 Cal. App. 5th 975, 978 (2017). However, the California Constitution also exempts "any obligations of, loans made by" "any person licensed as a real estate broker." *Moore v. Hill*, 188 Cal. App. 4th 1267, 1279–80 (2010) (citing Cal. Const. Art. 15, § 1). Generally, a real estate sales contract is made or arranged by a person licensed as a real estate broker. Here, plaintiffs have failed to allege that the real estate sales contract in question was not made or arranged by such a broker so as to trigger potential liability under the California Constitution. Defendant also contends that plaintiffs have failed to specify the violative interest rate and where that rate is described in the real estate sales contract. (Doc. No. 3 at 5.) Defendant's arguments in this regard are persuasive. The court concludes that plaintiffs' second claim, premised on the usury provisions of the California Constitution, is also deficient.

Next, in order for plaintiffs to sufficiently plead their third claim for fraud, they must allege "(1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." *Hasso v. Hapke*, 227 Cal. App. 4th 107, 129 (2014). Under Rule 9 of the Federal Rules of Civil Procedure, a "complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *McMaster v. United States*, 731 F.3d 881, 897 (9th Cir. 2013) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Here, plaintiffs have failed to allege defendant's knowledge of falsity and how plaintiffs justifiably relied on the misrepresentation. Plaintiffs have also failed to plead with particularity what misrepresentation was made, the name of defendant's representative who made it, when it was made, and how it was made. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (holding that broad allegations of fraud with "no particularized supporting detail" do not suffice). Instead, in their complaint plaintiffs merely allege that defendant "defrauded [the] Federal Housing

4

Administration" and submitted false claim to the Federal Housing Administration, (Doc. No. 1, Ex. B at ¶¶ 13, 15), a claim plaintiffs do not appear to have standing to bring. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (holding that Article III of the Constitution requires the plaintiff to allege a "particularized" injury that affected him "in a personal and individual way"). For these reasons, the court finds that plaintiffs have failed to sufficiently allege their fraud claim with particularity.

Finally, to maintain a claim for breach of contract, plaintiffs must plead "(1) the existence of the contract, (2) the [plaintiffs'] performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages" to plaintiffs. *Maxwell v. Dolezal*, 231 Cal. App. 4th 93, 97-98 (2014) (alteration in original) (citation omitted). Here, the complaint alleges that plaintiffs were only required "to pay a reasonable principal payment to cover taxes and insurance at the fair market value for the property," but defendant "accepted excessive payments from [plaintiffs] beyond the reasonable value of said monthly payment and interest and has refused to correctly credit [plaintiffs'] loan account." (Doc. No. 1, Ex. B at ¶¶ 36-37) (alteration in original.) Plaintiffs cite to paragraphs 1 to 9 of their complaint as alleging the existence of a contract, (*id.*, Ex. B at ¶¶ 1-9, 23, 36), but those paragraphs allege both the existence of the real estate sales contract and the Bankruptcy Modification Plan, so it is unclear which agreement plaintiffs are claiming was breached. Moreover, plaintiffs must also "identify the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citation omitted). Again, there is no specific allegation in plaintiffs' complaint as to which provision of the contract defendant supposedly breached. Relatedly, "the breach by one party of his covenant does not excuse the performance by the other party of his covenant or relieve him of liability for damages for a breach thereof." *Colaco v. Cavotec SA*, 25 Cal. App. 5th 1172, 1183 (2018). Here, plaintiffs have failed to allege that they fulfilled their contractual obligations or had an excuse for their nonperformance. Therefore, the court concludes that plaintiffs have also failed to sufficiently allege their breach of contract claim.

/////

/////

5

**B.     Leave to Amend**

"A district court ordinarily must grant leave to amend when it dismisses claims under Rule 12(b)(6)," but it "need not grant leave if it determines that the pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks and citation omitted).  Given that this is plaintiffs' first complaint, the court cannot say there is no possibility that they could cure the defects identified above, nor has defendant demonstrated such impossibility.[2]  Accordingly, the court will grant plaintiffs leave to amend.

**C.     Plaintiffs' Request for Entry of Default and Motion for Default Judgment**

The court now considers plaintiffs' request for entry of default and motion for default judgment.  (Doc. Nos. 9-10.)  An entry of default under Federal Rule of Civil Procedure 55(b)(1) "applies only to parties who have never appeared in the action." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (citation omitted). "Normally, an appearance in an action involves some presentation or submission to the court," but "because judgments by default are disfavored, a court usually will try to find that there has been an appearance by defendant." *Id.* (citations omitted).  The court notes that defendant made an appearance in this action by filing the notice of removal and the pending motion to dismiss which will be granted by this order.  Accordingly, plaintiffs' request for entry of default and motion for default judgment are not well–taken and must be denied.

**CONCLUSION**

For the reasons set forth above, defendant's motions to dismiss (Doc. No. 3) is granted and, if they wish to pursue this action, plaintiff's will be granted leave to file an amended complaint curing the deficiencies noted above within twenty days (20) from the date of service of

/////

/////

---

[2]  If plaintiffs are unsuccessful in curing the defects identified above in any amended complaint they elect to file, the court may well conclude that the granting of further leave to amend would be futile.

6

this order. In addition, plaintiffs' request for entry of default (Doc. No. 9) and motion for default judgment (Doc. No. 10) are denied.

IT IS SO ORDERED.

Dated: **April 6, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE